Lin v Sessions

BIA
Segal, IJ
A201 107 801

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand seventeen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

LI LIN,
> *Petitioner,*

v.                                              15-876
                                                NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:            Gary J. Yerman, New York, New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Douglas
                           E. Ginsburg, Assistant Director;
                           Andrew B. Insenga, Trial Attorney;

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General of the United States Jefferson B. Sessions III is automatically substituted for former United States Attorney General Loretta E. Lynch as Respondent. The Clerk of the Court is respectfully directed to amend the caption as above.

Nelle M. Seymour, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Lin, a native and citizen of the People's Republic of China, seeks review of a February 25, 2015, decision of the BIA affirming a May 9, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Lin,* No. A201 107 801 (B.I.A. Feb. 25, 2015), *aff'g* No. A201 107 801 (Immig. Ct. N.Y. City May 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base

2

a credibility determination on the demeanor, candor, or responsiveness of the applicant," as well as inconsistencies in the record evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64 & n.2. Substantial evidence supports the agency's determination that Lin was not credible as to her claim that Chinese family planning officials forced her to abort a pregnancy.

In the present case, the IJ found that Lin failed to present credible evidence in support of her asylum application. In making this determination, the IJ reasonably relied on Lin's unresponsiveness to questions posed by the IJ and the other litigant in this case. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record.

The IJ's finding of unresponsiveness and the overall credibility determination are bolstered by record inconsistencies regarding the timing of events surrounding Lin's alleged pregnancy. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Moreover, having questioned Lin's

3

credibility, the agency reasonably relied further on her failure to submit medical evidence corroborating her pregnancy. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Lin's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4